UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIE LOUISE NELSON | CIVIL ACTION |
| VERSUS | NO: 06-9901 |
| MAYOR RAY NAGIN, ET AL. | SECTION: "A" (2) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 6)** filed by the United States Corps of Engineers.  The Plaintiff, a *pro se* litigant, opposes the motion.  The motion, set for hearing on Wednesday, May 30, 2007, is on the briefs and without oral argument.  For the reasons that follow, the Motion is **GRANTED**.

## I. BACKGROUND

The Plaintiff is seeking damages against various government entities and officials for emergency preparedness decisions made in the days leading up to Hurricane Rita.  The Plaintiff cites seven causes of action generally sounding in negligence and alleges she sustained various personal injuries and damages as a result of these decisions.[1]

## II. ARGUMENTS

---

[1] Pla. Petition ¶ V.

Defendant United States Army Corps of Engineers ("Corps") asserts that Plaintiff's Petition should be dismissed for two reasons.  First, the Corps seeks dismissal under Fed. R. Civ. P. 12(b)(5) for failure to properly serve the United States pursuant to Fed. R. Civ. P. 4(i)(1)(A) and 4(i)(1)(B), and for failure to timely serve pursuant to Fed. R. Civ. P. 4(m).[2]  Second, the Corps seeks dismissal under Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 2675(a).[3]

The Plaintiff filed no formal opposition.  Instead, the Plaintiff filed an Amended Resubmittion of Material Facts (Rec. Doc. 13).  Attached to the filing were 22 pages of assorted exhibits, including six separate claim forms.[4]

## III. DISCUSSION

### *Failure to Exhaust*

The relevant provision of the Federal Tort Claims Act ("FTCA"), or 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the course and scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

---

[2]  Def. Memo in Supp., p. 3

[3]  Def. Memo in Supp., p. 4

[4]  The first exhibit appears to be an email communication between the Plaintiff and an attorney working on her case in some capacity.

28 U.S.C.A. § 2675(a) (West 2006).

The FTCA contains a waiver of sovereign immunity.  However, the requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA. *Gregory v. Mitchell*, 635 F.2d 199, 203-204 (5th Cir. 1981) (citing *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975)).  The requirement cannot be waived. *Price v. United States*, 69 F.3d 46 (5th Cir. 1995).  Further, in *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), the Supreme Court held that a failure to completely exhaust administrative remedies *prior to* filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed.[5]

The instant suit was filed on September 14, 2006.[6]  The Plaintiff has submitted several claim forms in opposition to the instant motion.  The first claim form is dated August 28, 2006, by hand.[7]  The remaining five claim forms are dated February 23, 2006, by hand.  None of the claims have time-date stamps indicating when they may have been received.  However, the Plaintiff did submit a Fedex receipt signed by a representative of the Corps and dated February 28, 2007.  The Plaintiff has submitted no other evidence demonstrating that she timely submitted a claim to the Corps *prior to* instituting the instant lawsuit.

As part of processing, the Corps date stamps and assigns each claim a claim number

---

[5] See also *Price*, 69 F.3d 46.

[6] Rec. Doc. 1, Exh. 2

[7] Rec. Doc. 13, Exh. 2

when it is received.[8]  Thereafter, a copy of the claim with the date stamp is then sent to the

claimant or their counsel with an acknowledgment number letter stating that the claim was

received and is being investigated.[9]  In the instant matter, the Corps, after performing a physical

and electronic database search, has no record of any written administrative claim filed with the

New Orleans District prior to 2/28/07.[10]  However, the Corps leaves open the possibility that a

claim was received from this Plaintiff on February 28, 2007, or later, but due to an extremely

high volume of claims submitted, it is still processing those claims received during February and

March of 2007.

     Nevertheless, even if the Plaintiff did file a written administrative claim with the Corps

on February 28, 2007, this Court would still lack subject matter jurisdiction.  Pursuant to 28

U.S.C. § 2675(a) such a claim must have been filed *prior to* instituting a lawsuit. See *Michalik v.*

*Hermann*, 2002 WL 1870054 (E.D. La. 2002); *McNeil*, 508 U.S. 106.  Furthermore, the Court

notes that "a prematurely filed FTCA claim 'cannot become timely by the passage of time after

the complaint is filed.'" *Id*.  Even where no substantial progress has taken place in the litigation

before the administrative remedies are exhausted, [a] plaintiff must refile his lawsuit. *Id*.

Therefore, in light of Plaintiff's failure to timely exhaust her administrative remedies, the Court

---

[8] Def. Rep. Memo in Supp., Exh. 1

[9] *Id.*

[10] Def. Memo in Supp., Exh. 1

finds that the Motion to Dismiss should be granted.[11]

### *Insufficient Service of Process*

Because the Court finds that the Corp's Motion to Dismiss should be granted based on a

failure to exhaust administrative remedies, it will not address the Corp's insufficiency of process

argument.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** filed by Defendant United

States Army Corps of Engineers is **GRANTED**.  The Plaintiff's claims against this Defendant

are **DISMISSED** without prejudice.

New Orleans, Louisiana, Wednesday, July 18, 2007.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[11]  Plaintiff's *pro se* status has no bearing on this procedural error.  *See McNeil v. United States*, 508 U.S. 106, 113.