UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARIE LOUISE NELSON                                CIVIL ACTION

VERSUS                                             NO: 06-9901

MAYOR RAY NAGIN, ET AL.                            SECTION: "A" (2)

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 16)** filed by Defendant, Louisiana Governor Kathleen Blanco, and a **Motion to Dismiss (Rec. Doc. 19)** filed by Defendants the City of New Orleans and Mayor Ray Nagin. The Plaintiff, a *pro se* litigant, has filed no opposition to either motion. The motions are both set for hearing on Wednesday, June 27, 2007, on the briefs and without oral argument. For the reasons that follow, both Motions are **GRANTED**.

## I. BACKGROUND

The Plaintiff is seeking damages against various government entities and officials for emergency preparedness decisions made in the days leading up to Hurricane Rita. The Plaintiff cites seven causes of action generally sounding in negligence and alleges that she sustained

various personal injuries and damages as a result of these decisions.[1]

## II. ARGUMENTS

### *Governor Kathleen Blanco*

Defendant, Louisiana Governor Kathleen Blanco ("Governor"), asserts that the Plaintiff's claim arose out of emergency preparedness activities related to Hurricane Rita.[2]  Further, the Governor argues that La. R.S. 29:735 creates a qualified immunity from suit under state law for decisions and actions made in preparation for, during, and after a natural disaster.[3]  Accordingly, the Governor asserts that La. R.S. 29:735 provides her with immunity as the Plaintiff has failed to allege facts sufficient to allow her suit to fall under the "willful misconduct" exception to the immunity.

### *The City of New Orleans and Mayor Ray Nagin*

Defendants the City of New Orleans ("City") and Mayor Ray Nagin ("Mayor") assert that the Plaintiff has failed to plead any facts whatsoever to overcome the Mayor's and the City's statutorily conferred immunity.[4]  The City and the Mayor contend that they were both acting pursuant to the emergency powers articulated in La. R.S. 29:727, and thus are entitled to the statutory immunity envisioned in La. R.S. 29:735.[5]  To this end, the City and the Mayor contend

---

[1]  Pla. Petition ¶ V.

[2]  Def. Blanco Memo. in Supp. p. 3

[3]  *Id.* at p. 4

[4] Def. City and Mayor Memo. in Supp. p. 1

[5]  Def. City and Mayor Memo. in Supp. p. 3-4

that "there is no question that the actions taken and command decisions made by the Executive staff were made in the interest of and pursuant to public policy."[6]

## III. LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991). The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Company v. City of Tehauacana*, 238 F.3d 382, 387 (5th Cir. 2001). However, "conclusory allegations" and "unwarranted deductions of fact" are not sufficient to prevent dismissal. *United States ex. rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Id.*; *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).

## IV. DISCUSSION

### *Statutory Immunity*

La R.S. 29:735(A)(1) provides:

Neither the state nor any political subdivision thereof, nor other agencies, nor, except

---

[6] *Id.* at 2.

in case of willful misconduct, the agents' employees or representatives of any of them engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons or damage to property as a result of such activity.

The Plaintiff alleges that the Governor, the City, and Mayor Nagin were negligent in a variety of ways including: 1) disregarding the Declaration of the President of the United States that a state of disaster existed in the City of New Orleans, 2) failing to exercise safety and prudence, 3) exercising elected duties in a careless and reckless manner, 4) failing to take evasive action to avoid the damages, 5) violating the state of emergency regulations of the federal government, City of New Orleans, and state of Louisiana, and 6) such other acts of negligence and omission as will be shown at trial.[7]

The Plaintiff has asserted causes of action arising out of the decisions and actions by these Defendants which were made in the days leading up to Hurricane Rita and in the name of emergency preparedness. At that time, the Governor was acting pursuant to La. R.S. 29:724, the provision of the Louisiana Homeland Security and Emergency Assistance and Disaster Act detailing an acting Governor's powers during a natural disaster event such as Hurricane Rita. The Mayor and the City were acting pursuant to La. R.S. 29:727 which articulates similar emergency powers given to local authorities in a natural disaster. After reviewing the record, the Court finds that the Plaintiff has failed to plead that the Defendants' decisions and actions constituted willful misconduct in order to fall under the exception to the statutory immunity

---

[7] Pla. Petition ¶ IV.

4

granted to these Defendants under La. R.S. 29:735.  Therefore, pursuant to La. R.S. 29:735, each of these Defendants enjoys statutory immunity for state law claims arising from the claims set forth by this Plaintiff's Petition.[8]  Accordingly, taking all well pleaded facts as true and viewing the pleadings in a light most favorable to the Plaintiff, the Court finds that the Plaintiff's claims against these Defendants should be dismissed.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 16)** filed by Defendant, Louisiana Governor Kathleen Blanco, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants the City of New Orleans and Mayor Ray Nagin's **Motion to Dismiss (Rec. Doc. 19)** is **GRANTED**.

New Orleans, Louisiana, Wednesday, July 18, 2007.

	_____
	JAY C. ZAINEY
	UNITED STATES DISTRICT JUDGE

---

[8] *See Armstead v. C. Ray Nagin*, 2006 WL 3861769 (E.D. La. 2006).  Furthermore, the Court once again notes that the Plaintiff has failed to oppose either motion.